# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

TERRI DEVON COATES,
        Appellant,

      v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
DC-0752-16-0369-C-1
DC-0752-16-0369-X-1

DATE:  March 18, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Christopher Hugh Bonk, Silver Spring, Maryland, for the appellant.

Jasmin A. Dabney, Landover, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

In an August 28, 2023 Order, the Board affirmed, with modifications, the administrative judge's compliance initial decision finding the agency in noncompliance with the February 23, 2017 initial decision in the underlying appeal, which accepted the parties' settlement agreement into the record for enforcement. *Coates v. U.S. Postal Service*, MSPB Docket No. DC-0752-16-0369-C-1, Order (C-1 Order) (Aug. 28, 2023); Compliance Petition for Review

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

File (CPFR), Tab 10; *Coates v. U.S. Postal Service*, MSPB Docket No. DC-0752-16-0369-I-1, Initial Decision (ID) (Feb. 23, 2017); Initial Appeal File, Tab 27. We JOIN MSPB Docket Nos. DC-0752-16-0369-C-1 and DC-0752-16-0369-X-1 for processing, and for the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

On February 23, 2017, the administrative judge issued an initial decision accepting the parties' settlement agreement into the record for enforcement and dismissing the appeal as settled. ID at 1-2. On June 7, 2018, the appellant filed a petition for enforcement, contending that the agency had failed to pay her in the manner specified in the settlement agreement. *Coates v. U.S. Postal Service*, MSPB Docket No. DC-0752-16-0369-C-1, Compliance File (CF), Tab 1 at 5. On July 16, 2018, the administrative judge issued a compliance initial decision finding that the agency had breached the settlement agreement and ordering it to pay the appellant the full amount it owed her. CF, Tab 5, Compliance Initial Decision.

The agency filed a petition for review of the compliance initial decision, which the Board denied on August 28, 2023. CPFR File, Tab 1; C-1 Order, ¶ 1. The Board held that the agency was required to pay the appellant the outstanding amount in the manner specified in the settlement agreement (unmodified by the subsequent addendum to that agreement, which the Board found invalid). C-1 Order, ¶¶ 18-21. The Board docketed a separate compliance referral proceeding, MSPB Docket No. DC-0752-16-0369-X-1, and instructed the agency to file evidence of compliance under that docket number. *Id.*

The agency has not filed any evidence of compliance. However, on January 26, 2024, the appellant filed a submission stating that the agency had paid her "as ordered in the Board's August 28, 2023 Order." *Coates v. U.S.*

*Postal Service*, MSPB Docket No. DC-0752-16-0369-X-1, Compliance Referral File (CRF), Tab 2 at 2.

## ANALYSIS

A settlement agreement is a contract, and the appellant, as the non-breaching party, bears the burden to prove "material non-compliance" with a term of the contract. *Lutz v. U.S. Postal Services*, 485 F.3d 1377, 1381 (Fed. Cir. 2007). The agency must produce relevant and material evidence of its compliance with the agreement. *Haefele v. Department of the Air Force*, 108 M.S.P.R. 630, ¶ 7 (2008). Upon proving a material breach of the contract, the appellant may choose between specific performance or rescission of the settlement agreement. *Sanchez v. Department of Homeland Security*, 110 M.S.P.R. 573, ¶ 7 (2009); *Powell v. Department of Commerce*, 98 M.S.P.R. 398, ¶ 14 (2005).

Here, although the agency did not file evidence of compliance as the Board ordered it to do, the appellant stated that she received the outstanding amount. CRF, Tab 2 at 2. Specifically, we interpret her statement that the agency paid her "as ordered in the Board's August 28, 2023 Order" as agreeing that the agency has complied with the order and, thus, with its obligations under the settlement agreement as set forth in that order.

Accordingly, we find the agency in compliance, dismiss the petition for enforcement, and close the related petition for review of the compliance initial decision. This is the final decision of the Merit Systems Protection Board in these compliance proceedings. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

_____

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:　　　　　　*Gina K. Grippando*
　　　　　　　　　　　　_____
　　　　　　　　　　　　Gina K. Grippando
　　　　　　　　　　　　Clerk of the Board

Washington, D.C.